UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELQUEST INTERNATIONAL, CORP., : | |
| : | Civ. Action No. 06-5359 (PGS) |
| Plaintiff, : | |
| : | MEMORANDUM AND |
| v. : | ORDER |
| DEDICATED BUSINESS SYSTEMS, : | |
| INC., et. al. : | |
| Defendants. : | |

  This matter comes before the court on Plaintiff, TelQuest International Corp.'s ("TelQuest's") motion for partial summary judgment and for a preliminary injunction against defendants, Jason Hines ("Hines"), Dedicated Business Systems, Inc. ("DBSI"), and Dedicated Business Systems International, LLC's ("Dedicated") (collectively "Defendants"). Defendants then filed a cross-motion to dismiss pursuant to 12(b)(6). In addition, Dedicated requests that the court dismiss all claims as lacking subject matter jurisdiction should it grant the dismissal of the Computer Fraud and Abuse Act (CFAA) count of the complaint, as this is the sole grounds for federal subject matter jurisdiction.

  For the reasons set forth herein, Plaintiff's motions for partial summary judgment and for a preliminary injunction are hereby denied. Defendants' cross motion to dismiss is granted in part and denied in part.

## I. Subject Matter Jurisdiction Under the CFAA.

Defendants assert that TelQuest has improperly alleged a claim under the CFAA. The Court agrees. Defendants argue that TelQuest has not provided any specific evidence demonstrating alleged damages exceeding CFAA's jurisdictional amount of $5000. TelQuest alleges damages in the amount of $2,325,309 constituting the entirety of Defendants' profits over the course of a two year period. Defendants argue that damages under the CFAA are limited to actual damages to computers or computer systems and do not contemplate lost revenue.

Section 1030(e)(11) of the CFAA defines "loss" as: "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." TelQuest has alleged over $2 million in speculative lost profits, but has provided very little other evidence of actual damages to its computers or computer systems, as required under the statute. The only other damages it alleges is the cost of hiring a forensic specialist to determine if Hine's personal computer may have at one point contained TelQuest's customer database (this allegation was not actually made in the Amended Complaint). TelQuest claims that in spending more than $5000 on this investigation they have satisfied the jurisdictional requirements of the CFAA. The Court finds this

insufficient.          First, it is clear that TelQuest's allegation of lost revenue as a result of defendant's alleged unfair business competition is not the type of revenue loss contemplated by section 1030(e)(11).  The CFAA expressly limits lost profits to revenue lost "because of [an] interruption of service."  *See Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468 (S.D.N.Y. 2004) (concluding that damages under the CFAA are intended to be those related to fixing a computer, and not general profit losses).  TelQuest does not allege that it suffered a loss of revenue because their computer functions were inoperative, but because they lost customers as a result of defendants' business activities.  This does not constitute loss under the CFAA.

Second, during oral argument, TelQuest alleged damages as a result of hiring a forensic specialist.  This is also unavailing.  In *Chas S. Winner, Inc. v. Polistina*, the court held that "plaintiff must allege facts that the damage or loss incurred was related to investigating or remedying damage to the computer, or due to the computer's service."   No. 06-4865, 2007 WL 1652292, at *4 (D.N.J. June 4, 2007) (citing *Moulton,* 2000 WL 33310901, at *6) (holding that costs to investigate unauthorized access to a computer was not "damage" under the CFAA); *accord Nexans Wires S.A.*, 319 F. Supp. 2d at 475.

The facts in *Polistina* are similar to those of the instant case–plaintiffs asserted that defendants had violated a non-competition employment agreement and used private customer information to initiate their own business.  The court found that

"plaintiffs have simply stated that they hired a computer expert without providing the type of investigation or description of how the computer system was interrupted, damaged, or restored." *Id.* Here, as in *Polistina*, TelQuest has not provided the Court with any actual evidence of how the investigation was related to discovering damage to TelQuest's computers or computer systems, or remedying harm done to their computers. The investigation was in fact an attempt to discover evidence of disloyal conduct on behalf of a TelQuest employee, not to evaluate or discover damages to TelQuest's computers. The *Polistina* court held that "[g]athering evidence from a computer to prove your state law employment claims does not turn defendants' conduct–even disloyal conduct in breach of contract–into the kind of conduct that so concerned Congress that it criminalized it." *Id.* at *4 n.7. Therefore, Defendants' motion to dismiss Plaintiff's claims under the CFAA is granted.

## II.  Plaintiff's Remaining State Law Claims

Plaintiff asserts additional state law claims under New Jersey law. Supplemental Jurisdiction over the state law claims is appropriate because they arise out of the same "nucleus of operative facts as the federal claims." *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 478 (S.D.N.Y. 2004) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Because the only federal claims in this case have been dismissed, the Court's exercise of supplemental jurisdiction over the remaining state claims is discretionary.  28

U.S.C. § 1367(c)(3).  The Court must consider several factors in deciding whether to exercise supplemental jurisdiction, including judicial economy, convenience, and fairness to the litigants.  *Gibbs,* 383 U.S. at 726.  After a close review of these factors, the Court concludes that it would be a waste of judicial resources and unfair to the litigants to dismiss the state law claims in this action, especially since the case is almost three years old.  Therefore, the Court exercises its supplemental jurisdiction to retain the state law claims.

Because the Court finds that there exist genuine issues of material fact as to Defendant Hines's employment and confidentiality agreements, Defendants' cross-motion to dismiss the remaining state law claims is denied, as is Plaintiff's motion for partial summary judgment.

IT IS on this 29 day of September, 2009;

**ORDERED** that Plaintiff's motion for partial summary judgment and a preliminary injunction are denied.  It is further

**ORDERED** that Defendants' motion is granted with respect to dismissing the CFAA claim and denied with respect to dismissing the state law claims.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.